UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBIN D. THOMAS,                              Case No. 15-13291

           Plaintiff,                        Matthew F. Leitman
v.                                           United States District Judge

COMMISSIONER OF SOCIAL SECURITY,             Stephanie Dawkins Davis
                                             United States Magistrate Judge

           Defendant.
_____/

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 13, 14)**

## I.   PROCEDURAL HISTORY

    A.   <u>Proceedings in this Court</u>

On September 17, 2015, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Matthew F. Letiman referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claims for disability insurance benefits. (Dkt. 4 and Text-Only Order dated 1/5/2016). This matter is before the Court on cross-motions for summary judgment. (Dkt. 13,14).

    B.   <u>Administrative Proceedings</u>

Plaintiff filed the instant claims for period of disability and disability

1

insurance benefits (DIB) on May 22, 2012, alleging that he became disabled on November 1, 2010.  (Dkt. 11-2, Pg ID 46).  The claims were initially disapproved by the Commissioner on October 1, 2012.  *Id*.  Plaintiff requested a hearing and on February 6, 2014, plaintiff appeared with counsel before Administrative Law Judge (ALJ) Ethel Revel, who considered the case *de novo*.  (Dkt. 11-2, Pg ID 59-107).  In a decision dated July 24, 2014, the ALJ found that plaintiff was not disabled.  (Dkt. 11-2, Pg ID 46-54).  Plaintiff requested a review of this decision on September 29, 2014.  (Dkt. 11-2, Pg ID 41).  The ALJ's decision became the final decision of the Commissioner when the Appeals Council, on July 17, 2015, denied plaintiff's request for review.  (Dkt.11-2, Pg ID 35-37); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

## II.   FACTUAL BACKGROUND

### A.   ALJ Findings

Plaintiff, born in 1958, was 52 years of age on the alleged disability onset date.  (Dkt. 11-2, Pg ID 52).  The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial

2

gainful activity since the alleged onset date.  *Id*. at 48.  At step two, the ALJ found

that plaintiff's high blood pressure, asthma, depression with agoraphobia and

remote history of substance abuse in remission were "severe" within the meaning

of the second sequential step.  *Id*.  At step three, the ALJ found no evidence that

plaintiff's combination of impairments met or equaled one of the listings in the

regulations.  *Id*. at 48-50.

    The ALJ determined that plaintiff had the following residual functional

capacity ("RFC")

> After careful consideration of the entire record, the
> undersigned finds that the claimant has the residual
> functional capacity (RFC) to perform a range of work at
> all exertional levels but with the following nonexertional
> limitations: the claimant requires a relatively clean air
> work environment; can perform kneeling, crouching, and
> squatting only occasionally; no ability to crawl or climb
> scaffolds, ropes or ladders; the claimant must not operate
> at hazardous heights or in temperature extremes; the
> work cannot involve direct service to the general public;
> cannot involve working as team member or in tandem
> with others; the claimant can have no more than casual
> interaction with coworkers.  The work is limited to
> simple, routine, tasks at SVP 1 or 2, due to only
> occasional ability to maintain concentration for extended
> periods (but not off task for more than 10% of the day)
> and carry out detailed instructions secondary to pain and
> depression.

*Id*. at 50.  At step four, the ALJ found that plaintiff was unable to perform his past

relevant work, given his RFC.  *Id*. at 52.  At step five, the ALJ denied plaintiff

benefits because he could perform a significant number of jobs available in the national economy.  *Id*. at 52-53.

     B.    <u>Plaintiff's Claims of Error</u>

Plaintiff argues that the ALJ's RFC and credibility determination do not comply with Social Security rules and regulations.  According to plaintiff, there is absolutely no rationale nor discussion of plaintiff's medical problems in the ALJ's decision. Plaintiff contends that the ALJ's decision is a recitation of jurisdictional history, and medical records followed by conclusory statements by the ALJ. Plaintiff asserts that there is just no rationale or discussion of his medical problems in the entire decision. The ALJ just simply gives a decision full of decision templates with no analysis.  Plaintiff argues that the findings of the ALJ cannot meet the substantial burden test and that the ALJ failed in her duty to investigate the facts and develop the arguments both for and against granting benefits. *See Sims v. Apfel*, 530 U.S. 103, 110-111 (2000).

Plaintiff believes the findings that he is capable of work at all exertional levels including the ability to lift and carry objects over 50 pounds regularly is inconsistent and completely opposite of the ALJ's other RFC findings.  Further, plaintiff asserts that there is no explanation for the ALJ inconsistencies.  Plaintiff maintains that having "no ability to crawl or climb scaffolds, ropes, or ladders" and "kneeling, crouching, and squatting only occasionally," make it impossible for him

to perform all of the demands of very heavy work which the ALJ found him capable of doing.  (Dkt. 13, PgID 359-360).

Plaintiff also argues that the ALJ failed to properly evaluate or acknowledge all of the Plaintiff's severe impairments.  The ALJ states in her RFC that plaintiff is limited due to his pain but never finds any severe impairment related to pain as a severe impairment.  Further, in her step four explanation she never cites any reasons for the pain limitation in the RFC.  The medical records clearly document neck and back pain but the ALJ never mentions the impairments in the decision.  This is significant legal error.  Plaintiff concedes if the ALJ considered the severe impairments at the remaining steps of the sequential process, then the error at step two is harmless.  However, according to plaintiff, the ALJ did not evaluate the Plaintiff's neck and back impairments at any of the remaining steps.

Plaintiff argues that the ALJ's failure to give specific reasons and explain precisely how those reasons affected the weight accorded the opinions is a legal error requiring reversal. *See Rogers v. Commissioner*, 486 F.3d at 242-43.  Plaintiff argues that the ALJ did not consider all of his impairments or accurately portray those impairments in her RFC.  For instance, the ALJ states in her RFC that plaintiff is capable of "simple, routine tasks, such as jobs at SVP 1 or 2, due to only occasional ability to maintain concentration for extended periods (but not off task more than 10% of the day) and carry out detailed instructions secondary to pain and

5

depression." (Dkt. 11-2, PgID 51).  The statement in the RFC seems to be an attempt to limit the RFC for mental health purposes, but, according to plaintiff, a limitation to "simple, routine tasks, such as jobs at SVP 1 or 2" does not specify the claimant's specific work-related mental abilities.  As explained in 20 CFR 416.945 and SSR 96-8p, the assessment of residual functional capacity must reflect a function-by-function analysis of an individual's capabilities.  Plaintiff contends that the ALJ failed to provide a proper assessment of the mental impairments in the decision. (Dkt. 13, PgID 361-362).

Furthermore, plaintiff argues there is not a scintilla of evidence to support the physical RFC assessment that plaintiff would be capable of work at all exertional levels including work that requires lifting up to 100 pounds, standing, and walking, on a sustained basis.   With this RFC, plaintiff asserts that the ALJ never factors or even attempts to factor his severe fatigue, severe pain, need to lie down, or severe medication side effects. The ALJ never rejects any of the plaintiff's complaints because they are simply never discussed in the decision. The ALJ states that she does not find claimant credible; however, the ALJ never discusses or evaluates plaintiff's subjective complaints under 20 CFR 416.929 (c).   Plaintiff asserts that, while it is not necessary to discuss every factor, the ALJ does have a duty to discuss something; here she discusses none of the factors.  The ALJ just makes blanket statements dismissing plaintiff's complaints. ALJ Revels never

6

states any reasoning for her decision only conclusory statements. All of the above is reversible error. (Dkt. 13, Pg ID 362-363).

Additionally, plaintiff maintains that the ALJ did not satisfy the narrative discussion requirements of SSR 96-8p. Plaintiff also contends that the ALJ's RFC fails to portray plaintiff's physical impairments, or his mental impairments, and that work does not exist in significant numbers that he can perform. (Dkt. 13, Pg ID 363-364).

C.   The Commissioner's Motion for Summary Judgment

The Commissioner disputes plaintiff's argument that the ALJ's determination that he could perform work at all exertional levels is not supported by substantial evidence. Although plaintiff contends that the ALJ's finding that he could perform work at all exertional levels –including "very heavy" work – was inconsistent with her finding that he could only occasionally kneel, crouch, or squat and could never crawl or climb scaffolds, ropes, or ladders, 20 C.F.R. § 404.1567(e) ("Very heavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds."), the Commissioner asserts that this argument, unsupported by citation to law or fact, is unpersuasive. The Commissioner maintains that the ALJ was entitled to rely upon the VE's testimony, specifically that an individual with plaintiff's postural limitations could perform work at all exertional levels, in determining that a person

7

with Plaintiff's RFC could perform jobs that existed in the national economy, including very heavy work. *Smith v. Halter*, 307 F.3d 377, 378 (6th Cir. 2001) ("A vocational expert's testimony concerning the availability of suitable work may constitute substantial evidence where the testimony is elicited in response to a hypothetical question that accurately sets forth the plaintiff's physical and mental impairments.").

Second, even assuming that Plaintiff is correct that his postural limitations rendered him unable to perform the demands of "very heavy work," the Commissioner argues that the ALJ's determination that plaintiff could perform work at all exertional levels would be harmless error. The ALJ (relying on testimony from the VE) determined that Plaintiff could perform representative jobs at the light exertional level, including "inspector," "packager," and "assembler." Plaintiff makes no argument that the postural or climbing limitations contained in the RFC finding are inconsistent with the demands of light work, nor, according to the Commissioner, could he. Therefore, the Commissioner concludes that any error in the ALJ's finding that Plaintiff could perform work at the medium, heavy, and very heavy levels should not result in remand.

Next, although plaintiff suggests that the ALJ's RFC finding should have included additional limitations based on his allegations of neck and back pain, the Commissioner argues that plaintiff failed to allege that he suffered any functional

8

limitations as a result of back or neck pain. On the contrary, he identified only "severe depression" and "high blood pressure" as conditions that limited his ability to work. (Dkt. 11-6, Pg ID 202).  When asked to identify any physical abilities that his conditions affected, he checked none.  (Dkt. 11-6, Pg ID 228).  When asked why he left his longtime job at an assembly plant, he only identified stress and a flared temper (Dkt. 11-2, Pg ID 71).  Finally, when asked to describe his neck and back pain at the hearing, he admitted that the only treatment he had received for neck and back pain involved over-the-counter pain medication and a referral to a physical therapist, whom he had not yet seen (Dkt. 11-2, Pg ID 95).

Lastly, Dr. Thomas Thomson reviewed the record and determined that plaintiff suffered no severe medical impairments (Dkt. 11-7, Pg ID 345).  The Commissioner maintains that while the record contains notes of complaints of chronic back pain (Dkt. 11-7, Pg ID 314, 316, 322), there is no objective evidence that he suffered from a back or neck condition or received any treatment for pain, other than a suggestion to use over-the-counter medication (Dkt. 11-7, Pg ID 322). *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230 (6th Cir. 1993). 20 C.F.R. § 404.1529 and 42 U.S.C. § 423(d)(5)(A).").  Because the record contains no allegations or evidence that Plaintiff is functionally limited due to back or neck pain, and no records of treatment for back and neck pain, the ALJ could not have erred in declining to include such limitations in the RFC finding. (Dkt. 14, Pg ID

9

279-382).

Plaintiff vaguely suggests that the finding that he is limited to simple, routine jobs at the SV1 or 2 level evidences the ALJ's failure to properly assess his mental impairments. The Commissioner notes that plaintiff has not suggested what mental limitations the ALJ failed to include, or otherwise engaged in the required analysis of the facts. According to the Commissioner, where plaintiff has not pointed to any credible evidence to undermine the mental RFC finding, he has shown no error. *See, e.g., Mortzfield v. Comm'r of Soc. Sec.*, 2014 WL 1304991, at *1 (E.D. Mich. Mar. 31, 2014) ("Plaintiff does not, however, satisfactorily explain how his moderate impairment in concentration, persistence, or pace is not fully accounted for in this RFC."). (Dkt. 14, Pg ID 383-384).

Contrary to plaintiff's argument, the Commissioner insists that the ALJ properly analyzed plaintiff's subjective complaints of pain and mental health limitations; and substantial evidence supports her finding that they were not entirely credible. The Sixth Circuit has made clear that an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference and that this Court may not disturb the ALJ's credibility finding "absent compelling reason," *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). The Commissioner argues that because plaintiff has not even acknowledged the ALJ's reasons for finding his subjective complaints not entirely credible, he has fallen far

short of showing compelling reasons for this Court to disturb this finding.  For these reasons, substantial evidence supports the ALJ's credibility finding, and Plaintiff has not shown otherwise. (Dkt. 14, Pg ID 384-385).

Plaintiff also argues at various points that the ALJ failed to comply with SSR 96-8p, asserting that the ALJ failed to provide a sufficient narrative discussion of the evidence that supported her conclusions. The Commissioner disputes this contention, noting that the ALJ's decision belies this argument. Specifically, the ALJ detailed Plaintiff's treatment for high blood pressure, asthma, depressive disorder, agoraphobia, and anxiety, and appropriately assessed a variety of non-exertional limitations. (Dkt. 11-2, Pg ID 49-51).  The Commissioner contends that Plaintiff does not explain why this explanation was insufficient to support the ALJ's decision.  Under these circumstances, the Commissioner argues that there is no error.  *See Houston v. Comm'r of Soc. Sec.,* 2015 WL 5752720, at *26 (E.D. Mich. Aug. 25, 2015)(finding no error under SSR 96-8p where the plaintiff did not explain how the ALJ disregarded the ruling and the ALJ's decision discussed the medical record and the plaintiff's testimony), aff'd, 2015 WL 5729079 (E.D. Mich. Sept. 30, 2015). (Dkt. 14, Pg ID 385-386).

## III.   DISCUSSION

### A.   Standard of Review

In enacting the social security system, Congress created a two-tiered system

in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v.*

12

*Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc.*
*Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a
claimant's subjective complaints and may ... consider the credibility of a claimant
when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502
F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the
claimant are to be given great weight, particularly since the ALJ is charged with
observing the claimant's demeanor and credibility.") (quotation marks omitted);
*Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate
where an ALJ finds contradictions among medical reports, claimant's testimony,
and other evidence.").  "However, the ALJ is not free to make credibility
determinations based solely upon an 'intangible or intuitive notion about an
individual's credibility.'"  *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p,
1996 WL 374186, *4.

     If supported by substantial evidence, the Commissioner's findings of fact are
conclusive.  42 U.S.C. § 405(g).  Therefore, this Court may not reverse the
Commissioner's decision merely because it disagrees or because "there exists in the
record substantial evidence to support a different conclusion."  *McClanahan v.*
*Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d
535, 545 (6th Cir. 1986) (*en banc*).  Substantial evidence is "more than a scintilla
of evidence but less than a preponderance; it is such relevant evidence as a

13

reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. Appx. 521, 526 (6th Cir. 2006).

14

B.    Governing Law

The "[c]laimant bears the burden of proving his entitlement to benefits."

*Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994);

*accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 524 (6th Cir. 2003).

There are several benefits programs under the Act, including the Disability

Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq.*) and the

Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et*

*seq.*).  Title II benefits are available to qualifying wage earners who become

disabled prior to the expiration of their insured status; Title XVI benefits are

available to poverty stricken adults and children who become disabled.  F. Bloch,

Federal Disability Law and Practice § 1.1 (1984).  While the two programs have

different eligibility requirements, "DIB and SSI are available only for those who

have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

"Disability" means:

> inability to engage in any substantial gainful activity by
> reason of any medically determinable physical or mental
> impairment which can be expected to result in death or
> which has lasted or can be expected to last for a
> continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R. § 416.905(a)

(SSI).

The Commissioner's regulations provide that disability is to be determined

through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two:  If the claimant does not have a severe impairment or combination of impairments, that "significantly limits ... physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three:  If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five:  Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20

C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534.  "If the Commissioner

makes a dispositive finding at any point in the five-step process, the review

terminates."  *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence

16

and severity of limitations caused by her impairments and the fact that she is

precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited

with approval in *Cruse*, 502 F.3d at 540.  If the analysis reaches the fifth step

without a finding that the claimant is not disabled, the burden transfers to the

Commissioner.  *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006).

At the fifth step, the Commissioner is required to show that "other jobs in

significant numbers exist in the national economy that [claimant] could perform

given [his] RFC and considering relevant vocational factors."  *Rogers*, 486 F.3d at

241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

　　　If the Commissioner's decision is supported by substantial evidence, the

decision must be affirmed even if the court would have decided the matter

differently and even where substantial evidence supports the opposite conclusion.

*McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545.  In other words, where

substantial evidence supports the ALJ's decision, it must be upheld.

　　　C.　　Analysis and Conclusions

　　　Plaintiff raises a number of underdeveloped arguments and generalized

accusations of ALJ misfeasance with little citation to case law or the administrative

record.  Defendant brings to the Court's attention that plaintiff's counsel has been

previously warned that "this Court will carefully examine his submissions in future

suits to ensure that they advance specific, narrowly tailored, and properly supported

arguments that rest upon (and cite to) the facts of a particular case," and that "[f]ailure to adhere to these standards will result in the imposition of sanctions and possible referral of counsel for disciplinary proceedings." *Roberts v. Comm'r of Soc. Sec.*, 2015 WL 5439725, at *2 (E.D. Mich. Sept. 15, 2015) (Rosen, J.); *see also Spiteri v. Colvin*, 2015 WL 7258749, at *3 n.3 (E.D. Mich. Nov. 9, 2015) (same) (Stafford, MJ). (Dkt. 14, Pg ID 379). The Court has conducted a thorough review of the decision and medical record in this case, and is satisfied that the ALJ's decision is procedurally sound and supported by substantial evidence of record. Nevertheless, the undersigned will address each of the arguments raised by plaintiff in turn. *See Davis v. Commr. of Soc. Sec.*, 2016 WL 3713177, at *7 (E.D. Mich. June 15, 2016), report and recommendation adopted, 2016 WL 3682955 (E.D. Mich. July 12, 2016)

      1.   <u>RFC</u>

Plaintiff's primary complaint regarding the ALJ's RFC focuses on the internal inconsistency between her finding that plaintiff was capable of working at all exertional levels and the non-exertional limitations she placed on plaintiff in her RFC:  i.e., occasional kneeling, crouching, and squatting, no crawling or climbing of scaffolds, ladders or ropes.  Notwithstanding plaintiff's perceived ALJ error in finding plaintiff capable of performing work at all exertional levels, the ALJ noted that plaintiff's "ability to perform at all exertional levels has been compromised by

nonexertional limitations."[1] (Dkt. 11-2, Pg ID 53).  The ALJ appropriately relied upon the testimony of the VE regarding the extent to which plaintiff's postural and other nonexertional limitations eroded the base of unskilled work at all exertional levels.  *See Jordan v. Comm'r of Soc. Sec.,* 548 F.3d 417, 424-25 (6th Cir. 2008); SSR 83-14(Adjudicator without clear understanding of how nonexertional limitations erode the exertional level job base is to rely upon the services of a vocational expert.).  The VE in this case determined that plaintiff remained able to perform two medium exertion level jobs (kitchen helper and assembler), and a sampling of light exertional level jobs (inspector, packager, assembler), notwithstanding his nonexertional limitations.  (Dkt. 11-2, Pg ID 53).  Contrary to plaintiff's argument that the ALJ committed reversible error by finding plaintiff capable of doing heavy or very heavy work, the ALJ, relying upon VE testimony, determined that jobs existed in significant numbers in the national economy that plaintiff could perform at the medium and light exertional levels.  Accordingly, to the extent the ALJ's decision can be read to find that plaintiff remains capable of heavy or very heavy work, and that such finding was erroneous, the error is

---

[1]Exertional limitations are defined as strength-related limitations, whereas nonexertional limitations, including sensory, postural, manipulative, environmental, and mental limitations are restrictions on functioning not related to strength.  *See*  20 C.F.R. §§ 404.1567, 404.1569a(b); 416.967, 416.969a(b); 20 C.F.R.§§ 404.1569a(a); 416.969a(a).

harmless because the work the ALJ found plaintiff could still perform given his RFC, age, education and work experience was at the medium and light exertional levels. (Dkt. 11-2, Pg ID 53).

Plaintiff also argues that the ALJ's RFC is deficient because it does not address his neck and back pain. Contrary to plaintiff's assertion, the RFC specifically addresses plaintiff's pain with nonexertional limitations. "The work must be limited to simple, routine tasks...due to only occasional ability to maintain concentration for extended periods and carry out detailed instructions secondary to **pain** and depression." (Dkt. 11-2, Pg ID 50)(emphasis added).

Plaintiff has the burden of demonstrating that his RFC is insufficiently restrictive. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994) (claimant bears burden during first four steps); *Jordan*, 548 F.3d at 423(claimant bears burden of demonstrating need for more restrictive RFC). *Cason v. Colvin*, 2016 WL 6653019, at *5 (E.D. Mich. Aug. 9, 2016), report and recommendation adopted in part sub nom. *Cason v. Commr. of Soc. Sec.*, 2016 WL 4546872 (E.D. Mich. Sept. 1, 2016). The record here does not demonstrate any functional limitations plaintiff suffered as a result of back or neck pain. On the contrary, plaintiff identified only "severe depression" and "high blood pressure" as conditions limiting his ability to work and identified no physical abilities affected by his conditions. (Dkt. 11-6, Pg ID 202, 228). Further, he testified at the hearing

20

that the only treatment he had received for neck and back pain was

over-the-counter pain medication. (Dkt. 11-2, Pg ID 95). Without allegations or

record evidence of functional limitations due to back and neck pain, plaintiff has

not met his burden to demonstrate a need for a more restrictive RFC.

Plaintiff also argues that the RFC's restriction to simple, routine jobs at a

SVP 1 or 2 level is insufficient to address his deficiencies in concentration.

Plaintiff wholly fails to explain how his mild impairment in concentration,

persistence, or pace is not fully accounted for in this RFC.[2] *See Marini v. Commr.

of Soc. Sec.*, 2014 WL 1230034, at *6 (E.D. Mich. Mar. 25, 2014)(RFC upheld as

adequate where plaintiff failed to explain why the facts of his particular case

require a more detailed hypothetical to adequately account for the moderate

limitations in CPP and offered no suggestion with respect to what those additional

limitations should be). Indeed, the ALJ specifically addressed plaintiff's

difficulties with concentration in his hypothetical to the VE, and in the RFC. *See*

*Edwards v. Barnhart*, 383 F.Supp.2d 920, 931 (E.D.Mich.2005)(moderate

deficiencies in concentration, persistence, or pace suggest substantial limitations

---

[2]Plaintiff cites no cases to support his argument that limitations set forth in
the RFC were inadequate to address his difficulties with concentration. The
undersigned notes that case law exploring the adequacy of RFC limitations in
addressing difficulties with concentration, persistence and pace all address
**moderate** limitations in CPP. Here the ALJ addressed plaintiff's concentration
limitations notwithstanding the finding that they were mild, rather than moderate.

that must be acknowledged in the hypothetical question); *but see, Schalk v. Commissioner of Social Sec.*, 2011 WL 4406824, *11 (E.D.Mich.2011) ("no bright-line rule" that moderate concentrational deficiencies require the inclusion of certain hypothetical limitations), citing *Hess v. Comm'r of Soc. Sec.*, 2008 WL 2478325, at *7 (E.D.Mich.2008); *Lewicki v. Comm'r of Soc. Sec.*, 2010 WL 3905375, at *3 (E.D.Mich.2010) (holding that "[d]ecisions in this district reflect the conclusion that a moderate impairment in concentration, persistence, and pace does not necessarily preclude simple, routine, unskilled work"); *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir.2001)(an ALJ is not required to include the phrase "moderate deficiencies in concentration, persistence, and pace" or other talismatic language in the hypothetical).   The undersigned finds that the ALJ accurately accounted for plaintiff's limitations when she posed a hypothetical question that included difficulties in concentration to the vocational expert, and learned there were still a substantial number of jobs plaintiff could perform.  Accordingly, the ALJ's determination that Plaintiff is not disabled and retains the RFC to perform simple, routine work is supported by "substantial evidence." 42 U.S.C. § 405(g).

## 2.   Credibility Determination

An ALJ's credibility assessment can be disturbed only for a "compelling reason." *Sims v. Comm'r of Soc. Sec.*, 406 Fed. Appx. 977, 981 (6th Cir. 2011) (citing *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001)); *see also Warner v.*

*Comm'r of Soc. Sec.*, 375 F.3d 387, 392 (6th Cir. 2004) (ALJ's credibility

assessment is entitled to "great deference," and a claimant's credibility may be

properly discounted where an ALJ finds contradictions among medical reports,

testimony, and other evidence).   Remand is not appropriate where there is

substantial evidence to support the ALJ's decision to not fully credit plaintiff's

testimony.  *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir.

1997)("Discounting credibility to a certain degree is appropriate where an ALJ

finds contradictions among medical reports, claimant's testimony, and other

evidence."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the

"ALJ's credibility determinations about the claimant are to be given great weight,

particularly since the ALJ is charged with observing the claimant's demeanor and

credibility.").

Plaintiff suggests that the ALJ erred in her credibility determination by not

considering such factors as medication side effects, daily activities and pain

symptoms.  As acknowledged by plaintiff, the ALJ is not required to discuss every

factor in making her credibility finding.  Here the ALJ did discuss daily activities,

finding that plaintiff had no limitations and noting that he lived independently,

prepared himself simple meals, performed very light housework, drove a car,

shopped for necessities and managed money.  (Dkt. 11-2, Pg ID 49).  In finding the

plaintiff's statements concerning the intensity, persistence and limiting effects of

his symptoms less than entirely credible, the ALJ relied upon evidence of significant non-compliance and failure to follow prescribed treatment - specifically failing to attend scheduled medical appointments and failure to take his prescribed blood pressure medication. The ALJ also cited plaintiff's continued smoking despite his asthma, and disparity between his reported mental health symptoms and the indication of, at most, moderate symptoms in his medical records as reasons to discount his credibility. (Dkt. 11-2, Pg ID 49-52). In the view of the undersigned, this evidence provides substantial evidence supporting the ALJ's credibility determination, and as there is no "compelling reason" to the contrary, the ALJ's decision should be affirmed.

3.   SSR 96-8p

Finally, plaintiff argues that the ALJ failed to meet the requirements of SSR 96-8p, 1996 WL 374184, and again asserts that the ALJ did not discuss any evidence to support her conclusion. (Dkt. 13, Pg ID 363-364). SSR 96-8p simply directs an ALJ to assess an RFC in the context of what a claimant can do on a "regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1-2. There is no indication this ruling was intended to impose a formalistic requirement that an ALJ expressly state that the RFC reflects a claimant's ability to perform the specified level of activity on a regular and continuing basis. *Delgado v. Comm'r of Soc. Sec.*, 30 Fed.Appx. 542, 547-48 (6th Cir. 2002) ("Although a function-by-function

analysis is desirable, SSR 96-8p does not require ALJs to produce such a detailed statement in writing."). An "ALJ need only articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record." *Delgado*, 30 Fed.Appx. at 548. Here the ALJ discussed all the relevant evidence, cited supporting facts and evidence, and concluded that the evidence does not preclude plaintiff from performing a limited range of medium and light work. (Dkt. 11-2, Pg ID 50-53.) Accordingly, the undersigned believes that the substantial evidence supports the ALJ's RFC assessment. *See Davis v. Commr. of Soc. Sec.*, 2016 WL 3713177, at *12 (E.D. Mich. June 15, 2016), report and recommendation adopted, 2016 WL 3682955 (E.D. Mich. July 12, 2016).

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that the Commissioner's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal.

*Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 17, 2017           s/Stephanie Dawkins Davis
                                              Stephanie Dawkins Davis
                                              United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 17, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

<u>s/Tammy Hallwood</u>
Case Manager
(810) 341-7887
<u>tammy_hallwood@mied.uscourts.gov</u>
